```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RITA DICKERSON,<br><br>         Plaintiff,<br><br>   v.<br><br>NATIONSTAR et al.,<br><br>         Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>   Civil Action<br>No. 14-6205 (JBS/JS)<br><br>   **OPINION** |

APPEARANCES:

Ms. Rita Dickerson
225 White Horse Pike
Chesilhurst, NJ 08089
     Plaintiff, pro se

Bradley L. Mitchell, Esq.
STEVENS & LEE PC
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
     -and-
Craig A. Hirneisen, Esq.
STEVENS & LEE PC
111 North Sixth Street
Reading, PA 19601
     Attorneys for Defendant Nationstar

Stephen Steinlight, Esq.
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
     Attorney for Defendant Bank of America

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    Before the Court are two unopposed motions to dismiss by

Defendants Bank of America [Docket Item 7] and Nationstar

[Docket Item 20]. In this case, pro se Plaintiff Rita Dickerson alleges that Defendants attempted to force her to agree to an unfavorable modification of her home mortgage through misrepresentation, fraud, and coercion, including threats of foreclosure. The Court will grant Defendants' motions because Plaintiff fails to satisfy Rule 12(b)(6) and Rule 9(b).

**II.  BACKGROUND**

  **A. Facts**

Although the one-page Complaint is sparse, it is apparent that the crux of Plaintiff's allegations is that Nationstar required her "to reapply for loan modifications featuring lesser terms than those within the valid Modification Agreements with BOA, held payments in suspension, improperly assessed unwarranted fees, and in some circumstances, initiated foreclosure proceedings in tandem with [B]ank of America." [Docket Item 1.] Bank of America has "threatened foreclosure" and "Nationstar[,] its affiliate has attempted to force plaintiff to sign an agreement that would increase her princip[al] and interest." Plaintiff rejected the terms of the modification offered, and "Nationstar has deemed the original mortgage loans to be 'non-performing' or 'delinquent' and assessed unwarranted penalties and costs." Plaintiff has paid $10,500 for pre-modification services and applications.

2

Plaintiff alleges that Nationstar and Bank of America have "colluded" to "harass and try to force" Plaintiff "to enter an agreement doubling the amount of her princip[al] and interest by misrepresenting the higher fees in the agreement proposed" and threatening foreclosure. Additionally, Plaintiff asserts that Defendants "entered into a fraudulent agreement to conceal their illegal activities of deceiving unsuspecting homeowners of their property and finances through coercion."

Plaintiff seeks $7.8 million plus an additional $10,500 for the amount paid to Nationstar, as well as a cease and desist order and a freeze on Defendants' assets. Plaintiff also seeks to have the "foreclosure vacated."

**B. Procedural history**

On or about October 7, 2014, Plaintiff Rita Dickerson, a 77-year-old pro se home loan borrower, filed a complaint against Defendants Nationstar and Bank of America, alleging misrepresentation and fraud arising from her application for a modification to the mortgage on her home. [Docket Item 1.] On November 19, 2014, Defendant Bank of America filed a motion to dismiss. [Docket Item 7.] On December 19, 2014, Defendant Nationstar filed a motion to dismiss. [Docket Item 20.] Plaintiff has not filed opposition to either motion.

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

When evaluating a motion to dismiss under Rule 12(b)(6), "[w]here the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir.2009) (citing Haines v. Kerner, 404 U.S. 519, 520–521 (1972)). The Court will, therefore, construe facts alleged, wherever possible, in a manner favorable to Plaintiffs, but even so, the Complaint must allege sufficient facts from which a plausible claim to relief can be shown.

4

**IV. DISCUSSION**

Because Nationstar and Bank of America assert nearly identical arguments, the Court will address both motions in tandem. Defendants argue that Plaintiff's Complaint does not state a cognizable claim for common law fraud and fails to comply with the heightened pleading requirements of Rule 9(b). Moreover, Defendants contend that Plaintiff has not stated a cognizable claim for conspiracy to commit fraud. As explained below, the Court agrees, but will provide an opportunity to amend.

**A. Common law fraud**

Plaintiff's Complaint fails to state a claim for common law fraud. To state a claim for fraud under New Jersey law, plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582 (1997)). In the present case, Plaintiff has not clearly alleged each of these elements. Plaintiff fails to allege a material misrepresentation by either defendant. Although Plaintiff asserts generally that "Bank of America has misrepresented the terms of modification," she does not state the nature of the

5

allegedly misrepresented terms. Without clarification, it appears that Plaintiff was simply dissatisfied with the terms she was offered and subsequently rejected. Indeed, instead of alleging a material misrepresentation upon which she relied, the Complaint explicitly states that Plaintiff "refused to reapply for inferior loan modifications." Even when construing the Complaint liberally, as this Court must, Plaintiff's vague and conflicting allegations as to Defendants' purported efforts to force her to accept modified mortgage terms require dismissal. There can be no fraud where the Plaintiff rejected the alleged misrepresentations and did not rely on them.

Further, Plaintiff fails to satisfy the heightened pleading requirements of Rule 9(b). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." Rule 9(b), Fed. R. Civ. P. The level of particularity required is sufficient details to put defendants on notice of the "precise misconduct with which they are charged." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984); Frederico, 507 F.3d at 200. "This requires a plaintiff to plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." Grant v. Turner, 505 F. App'x 107, 111 (3d Cir.2012), cert. denied, --- U.S. ---, 133 S.Ct. 2770 (2013) (citing Frederico, 507 F.3d at 200).

Here, Plaintiff's allegations lack the particularity required by Rule 9(b). Plaintiff fails to clearly specify the perpetrators of the alleged fraud. The Complaint begins by alleging that "Bank of America has misrepresented the terms of modification," but later suggests that Nationstar was the source of the modified terms. Likewise, Plaintiff fails to specify the date of the alleged fraud and the details of the alleged misrepresentations. Additionally, Plaintiff fails to detail her alleged damages. For example, the Complaint refers to $10,500 paid for pre-modification services, yet Plaintiff makes a demand for $7.8 million. Accordingly, Plaintiff's failure to satisfy Rule 9(b) also warrants dismissal of her common law fraud claim. Therefore, the Court will grant Defendants' motions to dismiss as to Plaintiff's common law fraud claim.

**B. Conspiracy claim**

Similarly, Plaintiff has failed to state a claim for conspiracy to commit fraud. To state a claim for civil conspiracy under New Jersey law a plaintiff must allege "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Am. Corporate Soc. v. Valley Forge Ins. Co., 424 F. App'x 86, 90 (3d Cir. 2011)

(quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005)). "[T]he gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action." Gandi, 184 N.J. at 177-78 (internal quotation omitted). In the present case, as discussed above, Plaintiff has failed to state a claim for fraud. Without an underlying wrong, Plaintiff cannot state a claim for conspiracy. See Reese v. Horizon Blue Cross Blue Shield of New Jersey, Civ. 08-1382 (DMC), 2008 WL 5188853, at *3 (D.N.J. Dec. 10, 2008). Therefore, the Court will grant Defendants' motions to dismiss as to Plaintiff's conspiracy claim.[1]

---

[1] Although not addressed by either defendant, the Court notes that Plaintiff, in the "jurisdiction" section of the Complaint, refers parenthetically to the Truth in Lending Act ("TILA"). "TILA is a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from creditors." In re Cmty. Bank of N. Virginia, 418 F.3d 277, 303 (3d Cir. 2005). "Among other things, creditors who make loans secured by a borrower's principal dwelling are required to provide all borrowers with 'material disclosures,' including 'the annual percentage rate, the finance charge, the amount financed, the total payments, [and] the payment schedule.'" Id. at 304 (quoting 12 C.F.R. § 226.23). Borrowers may pursue two remedies for disclosure violations: 1) rescission and 2) damages. Id. In the instant action, Plaintiff refers in only conclusory fashion to "non-disclosure of hidden higher fees and increases in princip[al] and interest payments." It is unclear whether Plaintiff is referring to her initial mortgage or a subsequent modification. As discussed above, it is also unclear whether Plaintiff even entered into a modification agreement or just felt pressured to do so as the result of Defendants' purportedly coercive conduct. Consequently, Plaintiff fails to state a claim under TILA.

8

**C. Leave to amend**

The Court's dismissal of Plaintiff's claims is without prejudice to Plaintiff's right to amend within twenty-one (21) days. When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice to leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the amendment would be futile. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). Although Defendants seek dismissal with prejudice, neither has identified sufficient grounds to do so. The Court is unable to conclude at this point that Plaintiff's claims are futile. It is conceivable that Plaintiff may cure the deficiencies in her pleadings and assert viable fraud claims against Defendants for their alleged misconduct in Plaintiff's effort to seek a loan modification. But if Plaintiff does not submit a proposed Amended Complaint curing these deficiencies within twenty-one (21) days, then the dismissal will be with prejudice.

**V.   CONCLUSION**

For the reasons discussed in the foregoing, the Court will grant Defendants' motions to dismiss and dismiss Plaintiff's

9

Complaint in its entirety without prejudice. An accompanying

Order will be entered.


**January 29, 2015**                          **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                            Chief U.S. District Judge